UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SENATOR HOTEL DEVELOPMENT COMPANY,<br><br>             Plaintiff,<br><br>     v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, DOES 1 to 15,<br><br>             Defendants. | Case No. 14-cv-00714 NC<br><br>**ORDER TO SHOW CAUSE WHY REMOVAL IS PROPER and SETTING FURTHER CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 1 |

On February 14, 2014, Travelers removed this action to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Dkt. No. 1 ¶ 1. However, the removal notice does not contain sufficient allegations to establish the citizenship of plaintiff for diversity purposes. The federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "If at any time [after removal and] before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The notice of removal here states that Travelers is "a corporation duly organized under the laws of the State or Connecticut, with its principal place of business in the State of Connecticut." Dkt. No. 1 ¶ 5. The notice further states that "Plaintiff Senator Hotel

Development Company was, at the time of filing this action, and still is, a citizen of the State of California." *Id.*  The notice, however, does not indicate what type of entity is Senator.  Senator's complaint attached to the notice of removal states that Senator is a partnership. *Id.* at 35.  If Senator is a partnership, or an LLC, it would be considered a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  Moreover, if any member of Senator is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each "sub-member" as well. *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126-27 (1st Cir. 2011); *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

Additionally, the removal notice alleges the citizenship of Senator upon information and belief. Dkt. No. 1 ¶ 5.  Such "information and belief" allegations are insufficient to establish citizenship for removal jurisdiction. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Bradford v. Mitchell Bros. Truck Lines*, 217 F. Supp. 525, 527 (N.D. Cal. 1963); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

By June 6, 2014, Travelers must show cause in writing why its removal is proper by addressing the Court's concerns identified above.  If Travelers does not establish that removal was proper, the Court will remand this action to state court and may order other relief as justice requires.

The Court will hold a further case management conference on June 25, 2014 at 10:00 a.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

//

1  The parties must file a joint case management statement at least one week prior to the
2 conference.  *See* Civil L.R. 16-10(d).
3  IT IS SO ORDERED.
4  Date: May 22, 2014

 _____
 Nathanael M. Cousins
 United States Magistrate Judge