# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SENATOR HOTEL DEVELOPMENT COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, DOES 1 to 15,<br><br>　　　　Defendants. | Case No. 14-cv-00714 NC<br><br>**ORDER REGARDING SUBSTITUTION OF ATTORNEYS and ORDER TO SHOW CAUSE TO MICHAEL F. SILBERSTEIN RE: SANCTIONS**<br><br>Dkt. No. 39 |

　　This order addresses the notice of substitution of counsel, Dkt. No. 39, indicating that plaintiff substitutes William E. Taggart, Jr. as its attorney of record in the place of Michael F. Silberstein. Dkt. No. 39.

　　As an initial matter, a notice of substitution is appropriate when counsel *from the same firm* replace one another as the representative of a client, which is not the case here. *See* Civ. L.R. 5-1(c)(2)(B). "The replacement of one firm by another as counsel for a party is governed by Civil L.R. 11-5 and requires an order of the Court." Civ. L.R. 5-1(c)(2)(E). Rule 11-5 provides that "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a).

　　The Court grants the request to permit William E. Taggart, Jr. to act as attorney of record for plaintiff.

However, the Court defers ruling on the request to allow Michael F. Silberstein to withdraw from the case for the following reason. It has come to the Court's attention that the website of the State Bar of California shows that Michael F. Silberstein became not eligible to practice law as of July 1, 2014. The Local Rules require that "an attorney must be a member of the bar of this Court to practice in this Court." Civ. L.R. 11-1(a). "To be eligible for admission to and continuing membership in the bar of this Court an attorney must be an active member in good standing of the State Bar of California." Civ. L.R. 11-1(b). Here, Michael F. Silberstein continued practicing in this Court after July 1, 2014, and repeatedly represented to the Court that he is capable of litigating the case on behalf of plaintiff in this Court. By February 6, 2015, Michael F. Silberstein must show cause in writing why he should not be sanctioned under Federal Rule of Civil Procedure 11 and/or the Court's inherent power to impose sanctions for this conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-49 (1991); *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). Such sanctions may include a formal reprimand, monetary sanctions, referral to the Northern District Standing Committee on Professional Conduct, the Chief Judge, or another appropriate disciplinary authority in California or the Northern District. *See* Civ. L.R. 11-6(a). Any factual assertions made in response to the order to show cause must be supported by an affidavit or declaration and by appropriate references to the record. *See* Civ. L.R. 7-5(a). After reviewing the written response to the order to show cause, the Court will determine whether an evidentiary hearing is necessary.

IT IS SO ORDERED.

Date: January 23, 2015

Nathanael M. Cousins
United States Magistrate Judge